IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:94-cr-01011-MP-AK

EVERETTE JAMEL TAYLOR,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 954, "Motion to Recall Judgment Pursuant to Federal Rules of Civil Procedure Rule 60 (b)(4),(5), and (6)," by Everette Jamel Taylor. The Government has filed its response, Doc. 959, and Defendant has filed a reply. Doc. 960. Having carefully considered the matter, the Court recommends that the motion be denied.

A jury convicted Defendant of conspiracy to possess with intent to distribute cocaine and crack cocaine, Docs. 274 & 497, and he was sentenced to life imprisonment in 1995. Doc. 654. On appeal, Defendant argued: (1) that the Court erred in refusing to disclose to him the Presentence Reports of his co-defendants; (2) that the Court erred in failing to declare a mistrial based on the Government's discovery violation; (3) that there was insufficient evidence to convict him of conspiracy; (4) that the Court erred in denying his request for funds for a polygraph examination regarding disputed sentencing issues, including his role in the conspiracy; (5) that the Court incorrectly calculated the quantity of drug attributable to him; (6)

that the Court erroneously enhanced his sentence for his role as an organizer or leader of the conspiracy; and (7) that the Court lacked jurisdiction over the case because there was no connection to interstate commerce. Doc. 762 at 3-8.

As to his first argument, the Eleventh Circuit found that Defendant had no right to the disclosure of his co-defendants' PSR's. *Id*. 3. With regard to his second argument, while the Government conceded the discovery violation, the court found that "while this might have been a close question, the trial court did not abuse its discretion in denying the motion for mistrial." *Id*. at 6. The appellate court further held that the evidence was "quite sufficient to support the conclusion that Everette Taylor was central to a fluid conspiracy of individuals to import, convert, and distribute crack cocaine." *Id*. The court then determined that the Court did not abuse its discretion in denying Defendant funds for a polygraph examination since he could have testified at trial to refute the alleged falsehoods about his role in the conspiracy. *Id*. at 6-7. As to his drug quantity argument, the Eleventh Circuit found that it "is clear that [Defendant] could reasonably foresee the conversion of these quantities from cocaine to crack" and that the Court's findings as to the amounts of crack "foreseeable to [Defendant] are firmly supported in the record." *Id*. at 7. The court rejected his argument regarding his role in the conspiracy, finding that the "record amply supports the finding that [Defendant] organized the purchase, funding, transport, conversion, and sale of cocaine and crack, and that he provided networking for other members of this loosely-managed conspiracy." *Id*. Finally, the court held that the nexus to interstate commerce was "ample to support jurisdiction." *Id*. at 8-9.

Subsequently, Defendant sought § 2255 relief, arguing, *inter alia*, that the Court erred in calculating the drug quantities attributable to him and in finding that he "knew that powder

cocaine was to be converted into crack cocaine," and that it lacked jurisdiction over the case. Doc. 792.  He later filed a supplemental *Apprendi* claim, arguing that he "could not have been sentenced to a mandatory life term as neither the substance and amount, nor the specific subsections within § 841(b), were charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt."  Doc. 850 at 9; *see also* Doc. 835.  The Court denied the motion on all grounds and all related ineffective assistance of counsel claims.  Docs. 850, 852, & 853.  In October, 2001, the Eleventh Circuit denied Defendant's request for a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right and for leave to proceed on appeal IFP.  Doc. 868.

Defendant filed the instant motion on March 7, 2005.  On this occasion, Defendant attempts to avoid the prohibition on second or successive motions by arguing that there was a defect in his prior § 2255 proceeding, that the Court was without jurisdiction, that fraud was perpetrated upon the Court, and that he is actually innocent of the sentence he received.  Doc. 954 at 3, 5, 7, & 9-14.  In support of his claim for relief, Defendant repeatedly cites to *Apprendi*, *Blakely*, and *Booker*.

To the extent that Defendant is asserting *Blakely/Booker* error, the argument is not well taken, as neither applies to matters on collateral review, since "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Defendant repeatedly attacks the sentencing enhancements, the Court's instructions to the jury, the Court's lack of jurisdiction, the amount of drugs attributable to him, and the ineffectiveness of his attorney, all of which either were or should have been raised on direct appeal or in the

original motion to vacate and are therefore second or successive and not properly before this Court for consideration. *See also Gearing v. United States*, 432 F.2d 1038, 1040 (5th Cir. 1970) (district court's jurisdiction must be attacked on direct appeal of by § 2255 motion). Defendant's argument that he is actually innocent of the life sentence imposed on him is yet another attack on the Court's findings regarding the drug type and quantities and Defendant's role in the conspiracy, matters which have been litigated and resolved against him. His "fraud" argument hinges on the alleged incredibility of the witnesses who testified against him, which also is a matter which was or should have been raised on direct appeal or in the first § 2255 motion, and is not the type of fraud contemplated by the Rules or the applicable case law for consideration in a Rule 60(b) proceeding. *See Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005); *Gonzalez v. Secretary for Department of Corrections*, 366 F.3d 1253 (11th Cir. 2004).

Although Defendant has cleverly phrased his arguments in an attempt to fit them within the perimeters of *Gonzalez*, in the end, he merely raises matters which were decided adversely to him in prior proceedings or which could have and should have been raised on direct appeal or in his original § 2255 motion or which should have been brought to the appellate court in a motion for order authorizing district court to consider second or successive application. *See* 28 U.S.C. § § 2255 & 2244(b)(3)(B). While it is true that not all Rule 60(b) motions amount to second or successive motions to vacate, it is equally true that merely denominating a motion as one arising under Rule 60(b) does not prevent it from being a second or successive motion. In other words, the moniker attached to the motion is not dispositive.

The instant motion is nothing more than an attempt to evade the prohibition on second or successive motions to vacate and should be denied.

*Case No: 1:94-cr-01011-MP-AK*

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion recall judgment, Doc. 954, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this <u>*3rd*</u> day of August, 2007.

<u>*s/ A. KORNBLUM*                         </u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**