IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:94-cr-01011-MP-AK

EVERETTE JAMEL TAYLOR,

    Defendant.

_____/

**O R D E R**

Defendant Taylor has filed a Notice of Appeal in this case, Doc. 973, which the Court construes as an application for a Certificate of Appealability ("COA"). The Court therefore has two issues before it: whether Defendant should be granted a Certificate of Appealability, and if so, which issues should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Defendant's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a *substantial showing* of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right"

under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" <u>Lozada v. Deeds</u>, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (emphasis and brackets in original) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)).  If a defendant fails to make such a showing, his or her request for a COA must be denied.  <u>See</u>, <u>e.g.</u>, <u>United States v. Riddick</u>, 104 F.3d 1239, 1241 (10th Cir. 1997).

Defendant's Motion to Recall Judgment, Doc. 954, was dismissed by the Court as an unauthorized second or successive motion to vacate.  Because Defendant sought to relitigate claims presented in a prior habeas application, the Court found that Defendant was prohibited from filing the motion to vacate without leave from the Eleventh Circuit.  Accordingly, no reasonable jurists would debate the fact that Defendant's Motion to Recall Judgment was properly dismissed.  Therefore, Defendant cannot make a substantial showing of the violation of a constitutional right, and the Application for Certificate of Appealability is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Notice of Appeal, construed as an Application for a Certificate of Appealability, Doc. 973, is DENIED.

2. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *1st*day of October, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:94-cr-01011-MP-AK*